UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. POOLE,

    Plaintiff,

v.                                              CASE No. 8:05-CV-1811-T-17TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security relies upon testimony of a vocational expert that is not contained in the record, I recommend that the decision be reversed and the matter remanded for further proceedings.

I.

---

[1] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

The plaintiff, who was twenty-one years old at the time of the administrative hearing and who completed the ninth grade (Tr. 24),[2] has been employed as a porter, laborer, cook, factory worker, fast food worker, construction helper and a pipe layer (Tr. 27, 226). He filed claims for Social Security disability benefits and supplemental security income payments, alleging he became disabled due to oppositional defiant behavior, immaturity, dysthymia, physical aggression, impulsiveness, attention deficit disorder and chronic gastrointestinal problems (Tr. 225). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of gastrointestinal problems, organic mental disorder, ADHD and DAA (Tr. 17). He concluded that these impairments restricted the plaintiff to simple repetitive work (Tr. 18). The law judge determined that the plaintiff can stand, walk and sit for six hours in an eight-hour work day (<u>id</u>.). The law judge also included the additional limitations of lifting and carrying

---

[2] On the Disability Report Adult, the plaintiff indicated that he had completed the tenth grade (Tr. 231). However, at the hearing, he testified that he dropped out of school in the tenth grade (Tr. 25).

twenty-five pounds frequently and fifty pounds occasionally (id.). Based upon the testimony of a vocational expert, the law judge decided that the plaintiff could return to his past relevant work as a fast food worker (Tr. 19). The plaintiff was therefore found to be not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The administrative transcript in this case is incomplete. That deficiency warrants a reversal and remand.

In his decision, the law judge relies on a vocational expert's testimony in deciding that the plaintiff could return to his previous employment as a fast food worker (Tr. 19). Thus, the law judge stated that he questioned the vocational expert about the classification of the plaintiff's past work and the ability of someone with the plaintiff's residual functional capacity to perform that past work (Tr. 18). The law judge further said that the vocational expert did not identify any disagreements he had with the provisions contained in the Dictionary of Occupational Titles ("DOT") (id.). Moreover, the law judge stated that the vocational expert classified the plaintiff's various jobs with the accompanying DOT numbers (id.).

However, there is no testimony in the record from a vocational expert (see Tr. 21-46). Although a vocational expert was identified at the beginning of the administrative hearing (see Tr. 23), his testimony was not transcribed.

The absence of the vocational testimony from the record is significant. The plaintiff in his memorandum challenges the law judge's finding that the plaintiff could return to prior employment as a fast food

worker (Doc. 11, pp. 4-6). The absence of the vocational evidence prevents meaningful judicial review of that issue.

Moreover, by court action, counsel for the plaintiff has been replaced. New counsel for the plaintiff has filed a motion for leave to file a supplemental brief (Doc. 16). That motion seeks leave not only to raise an argument about the plaintiff's ability to perform past work, but also to contend that the Commissioner posed incomplete hypothetical questions to the vocational expert (id. at p. 2). The request to assert this latter issue clearly demonstrates the importance of the missing vocational evidence. Obviously without the vocational testimony, the plaintiff cannot raise the issue regarding the hypothetical questions.

Notably, the plaintiff pointed out at several places in his memorandum, including the first page, the absence of the vocational testimony (Doc. 11, pp. 1, 2, 5). Those references were ignored by the Commissioner in her response. Consequently, there is no reason to think that the problem can be cured by a supplementation of the record. Particularly since the transcriber certified that the transcript was a "true and complete transcription of the testimony recorded at the hearing" (Tr. 46), it appears that the vocational testimony has been lost.

IV.

Because the administrative record is incomplete, proper judicial review cannot be performed. I, therefore, recommend that the decision be reversed and the matter remanded for further proceedings.

Respectfully submitted,

DATED: JAN. 12, 2007

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).